**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

JS - 6

**CIVIL MINUTES - GENERAL**

Case No. ED CV 11-1861 DOC (DTBx)                                         Date: January 25, 2012

Title: YOLANDA NEGRETE v. MEADOWBROOK MEAT COMPANY, et al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Julie Barrera                                         Not Present   
Courtroom Clerk                                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                             NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING PLAINTIFF'S MOTIONS TO AMEND COMPLAINT TO ADD DEFENDANTS AND REMAND TO STATE COURT

       Before the Court is a Motion For Leave to Amend and Remand ("Motion") brought by Plaintiffs Yolanda Negrete ("Plaintiff"). (Dkt. 8). The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. After considering the motion and related filings,[1] and for the reasons stated below, the Court hereby GRANTS the Motion. Accordingly, the hearing set for January 30, 2012, is removed from the Court's calendar.

**I.    Background**

       **1.    Defendant's Timely Removal of Plaintiffs' Original Complaint**

       On July 6, 2011, Plaintiff filed her original Complaint in Superior Court against only one

---

[1] As a preliminary matter, Defendants make a number of objections to evidence submitted in support of the Plaintiff's motions. To the extent the Court relies on the evidence in this Order, these objections are OVERRULED.

named Defendant, Meadowbrook Meat Company ("Meadowbrook"), and several Does. *See* Notice of Removal Ex. C (Dkt. 1) at 18. The parties do not dispute that Defendants timely removed this action to this Court pursuant to 28 U.S.C. §§ 1332.

### 3. Plaintiffs' Amendment And Motion For Remand

On December 20, 2011, Plaintiff filed the present Motion For Leave to Amend and Remand ("Motion"). *See* Mot. (Dkt. 8). Attached to this Motion was a Proposed First Amended Complaint. *See id.* at Ex. A.

#### A. Allegations Destroying Diversity Jurisdiction

The Proposed First Amended Complaint names Kevin O'Grady ("O'Grady") and Michael Eatinger ("Eatinger") as Defendants and alleges that both are residents of California. *See id.* at ¶¶ 4, 5. Because O'Grady and Eatinger are alleged to be residents of California, Plaintiff's Motion requests that the case be remanded to state court after amendment is granted, as there will no longer be diversity between each of the Plaintiffs and each of the Defendants. *See* Mot. (Dkt. 8) at 1.

#### B. Allegations that Ascribe Acts to Management Generally

Plaintiff alleges that she was employed by Defendant Meadowbrook beginning in 1997. *Id.* at ¶ 10. In 2005, Plaintiff was diagnosed with diabetes. *Id.* at ¶ 11. Her husband also suffered a heart attack. *Id.* at ¶ 12. "Due to [both his and her medical conditions], Plaintiff has filed claims for leave under the California Family Rights Act ("CMLA") and Family Medical Leave Act ("FMLA") for the past four (4) years." *Id.* Sometime in the past four years, Plaintiff was ordered to train a co-worker on her duties. *Id.* at ¶ 13. In addition, "management began asking" another employee to assume her duties and "withholding information regarding her duties." *Id.*

Defendant Meadowbrook told Plaintiff that she had until January 22, 2010, to file her medical certification to renew her FMLA claim for leave, but then fired her one week before this deadline. *Id.* at ¶ 20. "[A]t least one worker has reported to Plaintiff that the reason she was terminated was because of her use of the FMLA and CFRA leave." *Id.* at ¶ 21.

In addition, Plaintiff alleges that on "multiple occasions . . . [Plaintiff] was subject to sexual harassment by being called 'Lucy' and questioned about her monogamous relationship with her husband." Also "Plaintiff learned that other women employees in her job level were having sexual relationships with management." *See id.* at ¶¶ 50, 51.

#### B. Allegations that Specifically Name O'Grady

O'Grady was an employee of Defendant Meadowbrook and "Plaintiff's supervisor." *See*

*id.* at ¶ 4. The Proposed First Amended Complaint brings a claim under California Government Code § 12940 against O'Grady. *See id.* at ¶ 48.

O'Grady was "continually upset with Plaintiff for taking too much time off to stay with her husband." *Id.* at ¶ 15. Plaintiff "approached [another employee] and O'GRADY multiple times . . . and revealed she knew they wanted to get rid of her and promote [the person she was ordered to train]." *Id.* at ¶ 17.

Plaintiff also alleges that "employees in her job level were having sexual relationships with management, including O'Grady." *See id.* at ¶ 51.

### C. Allegations that Specifically Name Eatinger

Plaintiff alleges that Eatinger was an employee of Defendant Meadowbrook and "Plaintiff's supervisor." *See id.* at ¶ 5. The Proposed First Amended Complaint brings a claim under California Government Code § 12940 against Eatinger. *See id.* at ¶ 59. Plaintiff alleges that Eatinger "harassed Plaintiff by stressing the importance of 'being there' and 'being dependable' when he knew [Plaintiff's] absences were due to diabetes and health related concerns." *See id.* at ¶ 19.

## II. Legal Standard

Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c). Where, as here, there was diversity between the parties at the time of defendants' removal but plaintiff subsequently seeks to join an additional defendant whose joinder would destroy diversity jurisdiction, the court has the discretion to "deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998) (holding that section 1447(e) "is couched in permissive terms" and thus a district court's decision is reviewed for abuse of discretion).

There is a "general presumption" that joinder is not fraudulent, that is, there is a general presumption that a plaintiff's *sole* purpose is *not* to defeat diversity jurisdiction. *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). This presumption exists because the defendant, as the party seeking jurisdiction through removal, has the burden of establishing federal jurisdiction and any doubt as to jurisdiction must be construed in favor of remand. *Cf. Gaus v. Miles, Inc.*, 980 F. 2d 564, 566 (9th Cir. 1992). A defendant must prove fraudulent joinder by clear and convincing evidence. *Hamilton Materials*, 494 F.3d at 1206.

Because Section 1447 does not provide explicit guidance, courts considering whether a joinder is fraudulent have discussed whether *one* or all of the following are true: (1) whether the party sought to be added would be a necessary party to be joined under Federal Rule of Civil Procedure 19(a); (2) whether the plaintiff would be prejudiced; (3) whether the joinder was timely; (4) whether the

joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party seems valid. *See Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083-86 (C.D. Cal. 1999); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 352, 108 S. Ct. 614 (1988) (considering statute of limitations); *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (considering whether claims are valid); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998) (considering prejudice to plaintiff); *Lopez v. General Motors Corp.*, 697 F.2d 1328, 1331 (9th Cir. 1983) (considering Rule 19 joinder and delay); *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980) (considering motive).

However, it is not necessary to consider all these issues; the Ninth Circuit has also ruled on fraudulent joinder by only addressing one. *See, e.g., Hamilton Materials*, 494 F.3d at 1206; *Newcombe*, 157 F.3d at 691.

### III. Discussion

This action was removed to federal court on the basis of diversity jurisdiction, which requires that the controversy be between "citizens of different States."[2] 28 U.S.C. § 1332. If Plaintiff is permitted to amend her complaint to include Defendants O'Grady and Eatinger, however, this amendment would destroy diversity.[3] In an effort to retain jurisdiction, Defendant Meadowbrook now contends that this Court should not permit Plaintiff's amendment to add Defendants O'Grady and Eatinger because their joinder is fraudulent, that is, joinder is solely for the purpose of defeating jurisdiction.

The Court concludes that Defendant Meadowbrook has failed to meet its burden of showing fraudulent joinder by clear and convincing evidence. Defendant has failed to establish any of the five issues other courts have considered in assessing fraudulent joinder, including the most

---

[2] A federal court has jurisdiction if: (1) the controversy is between "citizens of different States"; and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332. Because the Court concludes that Defendants have failed to show that the joinder of a diversity-destroying Defendant was improper, the Court does not reach the issue of the amount in controversy.

[3] Defendant Meadowbrook argues in a footnote that diversity is not destroyed even if the complaint is amended to include O'Grady and Eatinger because the Complaint alleges only that these people are "residents" of California, not that they are citizens of California. *See* Opp'n at 10 n.2. While this may be true, Defendant Meadowbrook cites no authority for this proposition. This unsupported assertion fails to satisfy Defendant Meadowbrook's burden of showing that this Court retains jurisdiction, especially given that Defendant Meadowbrook undermines its own argument by contending on the same page that Plaintiff's amendment will destroy diversity. *See* Opp'n at 10.

important one: whether joinder is solely for the purpose of defeating federal jurisdiction. Thus, Plaintiffs' motion for amendment and remand is GRANTED.

### 1. Defendant MeadowBrook Fails to Show that O'Grady and Eatinger Should Not Be Joined Under Rule 19

In determining whether a plaintiff may amend to add a diversity-destroying party under Section 1447(e), district courts analogize to the test for joinder under Federal Rule of Civil Procedure 19. *See IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion*, 125 F.Supp.2d 1008, 1011-12 (N.D.Cal. 2000). However, in analogizing to Rule 19(a), courts remain cognizant that the Section 1447(e) test for amendment "is a less restrictive standard" that allows for more amendments than the test for joinder under Rule 19. *Id.*

Rule 19(a) "requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *See id.*; Fed.R.Civ.P. 19(a). A party is a "necessary party" under Rule 19(a) if failure to join will lead to separate and redundant actions. *See CP Nat'l. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 910, 912 (9th Cir.1991).

District courts in California routinely hold that a defendant has failed to show that a party is not necessary under Rule 19(a) where the diversity-destroying party is the existing defendant's employee and also the employee who allegedly did the act that harmed the plaintiff. For example, in *IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion*, the court granted the plaintiff's motion to amend under Section 1447 to add a non-diverse defendant who was the existing defendant's employee and the "principal person responsible for the acts underlying [the plaintiff's] claim." *See* 125 F.Supp.2d 1008, 1011-12 (N.D.Cal. 2000). The party to be added was the existing defendant's "management employee who [was] alleged to have slandered" the plaintiff. *See id.* at 112. Applying the Rule 19 analysis, the Court reasoned that amendment was appropriate because "[d]isallowing the amendment would hinder [the plaintiff] from asserting its rights against an employee directly involved in the alleged breach . . . and related causes of action" and would require the plaintiff "to litigate essentially the same issues in two forums [which is] a waste of judicial resources and risks inconsistent results." *See id.* at 112. Having approved amendment, the court remanded the case because diversity jurisdiction was destroyed. *See id.*

Similarly, in *Graunstadt v. USS-Posco Industries*, the court granted the plaintiff's motion to amend under Section 1447 to add a non-diverse defendant who was the "very employee . . . whose conduct allegedly made [the existing defendant] liable for fraud." *See Graunstadt v. USS-Posco Indus.*, No. C 10-03225 SI, 2010 WL 3910145 at *2-3, *6 (N.D.Cal. 2010). Applying the Rule 19 analysis, the Court reasoned that the defendant-employer "cannot be found liable . . . without first finding that" the to-be-added employee engaged in the tort for which the plaintiff was suing the existing defendant-employer. *See id.* at *3. The Court concluded that amendment was appropriate because the "factual

nexus is so great" that denying amendment and "forcing plaintiff to seek redress against [the to-be-added employee] in state court would lead to redundant litigation and potentially inconsistent results and obligations."  *Id.*  Having approved amendment, the court remanded the case because diversity jurisdiction was destroyed.  *See id.*

As in *IBC Aviation* and *Graunstadt*, the present case involves to-be-added parties, O'Grady and Eatinger, who are employees of existing Defendant Meadowbrook and are the very people alleged to have committed the acts for which Plaintiff is suing Meadowbrook.  As in *IBC Aviation* and *Graunstadt*, in the present case the existing Defendant Meadowbrook cannot be found liable without also finding that the to-be-added employees engaged in the tort for which Plaintiff is suing Defendant Meadowbrook.  Thus, as in *IBC Aviation* and *Graunstadt*, denying amendment and forcing Plaintiff to sue the to-be-added employees in state court would lead to redundant litigation and potentially inconsistent results.

Defendant argues that O'Grady and Eatinger are not necessary under Rule 19(a) because: (1) they were not named defendants in the original filing; and (2) Plaintiff can recover from Defendant Meadowbrook under a strict liability theory for acts done by Defendant Meadowbrook's employees.  *See* Opp'n at 10-11.  Defendant cites no case law to support either of these arguments.

Because Defendant Meadowbrook cites no authority and federal courts routinely hold the employees of the existing defendant who committed the acts alleged by the plaintiff are necessary under Rule 19(a), Defendant Meadowbrook has failed to meet its burden to show that joinder is fraudulent.

> **2.  Defendant Fails to Show that Joinder Was Untimely Because It Was After the Deposition of One of the To-Be-Added Parties and Well Before Summary Judgment**

Federal courts in California have held that amendment as late as nine months after the original complaint was filed is still timely under Section 1447(e) if "no dispositive motions have been filed" and the "discovery completed thus far will be relevant whether the case is litigated in [federal] court or state court."  *See e.g.*, *Yang v. Swissport USA, Inc.*, No. C 09-03823 SI, 2010 WL 2680800 at *4 ((N.D.Cal. 2010).  In contrast, the Ninth Circuit has upheld denial of joinder where a plaintiff does not attempt to identify a "Doe" defendant until four days before a motion for summary judgment is to be heard and more than six months after the action was removed.  *See Lopez v. General Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983).

The five-and-a-half month delay in this case is more like *Yang* and very unlike *Lopez*.[4]

---

[4]Plaintiff's delay is five and a half months, but Defendant Meadowbrook incorrectly characterizes it as "eight (8) months."  *See* Opp'n at 12.  Plaintiff filed her original Complaint in Superior Court on July 6, 2011, and filed the present Proposed First

Plaintiff's Proposed First Amended Complaint adds the allegation that "employees in her job level were having sexual relationships with management, including O'Grady." *See* Mot. Ex. A at ¶ 51 (Proposed First Amended Complaint allegations); *compare id. with* Notice of Removal Ex. C (Dkt. 1) at 8 (state court complaint lacking such allegations). Defendant contends that Plaintiff must have known of the facts underlying this allegation before they were elicited in O'Grady's deposition. *See* Opp'n at 11-12. Defendant argues further that, because Plaintiff knew these facts before the deposition, then Plaintiff's amendment to include O'Grady is untimely. *See id.* However, Defendant's only "evidence" of Plaintiff's knowledge is that Plaintiff asked the questions that elicited these facts at deposition. At best, this shows that Plaintiff had suspicions which were confirmed at deposition. Plaintiff's decision to refrain from amending until those suspicions were substantiated by deposition can hardly be characterized as unexplained delay. *See Yang*, 2010 WL 2680800 at *4 (granting motion to amend under Section 1447(e) to add non-diverse defendants and thus remanding, even though parties had conducted discovery for more than six months and a mediation was scheduled).

In sum, Plaintiffs joined one of the diversity-destroying parties, O'Grady, well before summary judgment and after his deposition. Defendant Meadowbrook makes no argument that amendment to add Eatinger is untimely. Thus, Defendant has failed to meet its burden to show that joinder of either O'Grady or Eatinger is fraudulent.

### 3. Defendant Fails to Show that the Joinder Of O'Grady and Eatinger Is Solely for the Purpose of Defeating Diversity Jurisdiction

District courts in California have held that where it cannot be definitively shown that the complaint is amended *solely* for the purpose of defeating diversity, defendants fail to meet their burden to show fraudulent joinder. *See IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion*, 125 F.Supp.2d 1008, 1012 (N.D.Cal. 2000) ("The Court declines to impute an improper motive to Plaintiff simply because Plaintiff seeks to add a non-diverse defendant post-removal"); *Trotman v. United Parcel Serv.*, 1996 WL 428333 at *1 (N.D.Cal. 1996) (Walker, J.) (detailing legislative history to show that the purpose of Section 1447(e) is to "take advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal").

Defendant has not produced any evidence of Plaintiff's motive in amending. Instead, Defendant argues that "Plaintiff has failed to address" all the factors discussed in this Order regarding whether joinder is fraudulent. *See* Opp'n at 17-18. This is a mischaracterization of Plaintiff's Motion, which, in fact, addresses these factors.

---

Amended Complaint five and a half months later on December 20, 2011, to add O'Grady and Eatinger as a defendants. *Compare* Notice of Removal Ex. C (Dkt. 1) at 18 (state court complaint filed July 6, 2011) *with* Mot. (filed December 20, 2011).

The Court concludes that Defendant Meadowbrook's mischaracterization of Plaintiff's motion falls well short of clear and convincing evidence that Plaintiffs' sole motive for joining O'Grady and Eatinger to defeat jurisdiction. Thus, Defendant Meadowbrook has not met its burden to show that joinder is fraudulent.

### 4. Defendant Fails to Show that there Is No Possibility of Plaintiff Stating a Valid Claim Against O'Grady and Eatinger

Where defendants fail to show that "there is *no possibility* that [a plaintiff] could state a claim in California state court" against the diversity-destroying defendant, the Ninth Circuit has reversed a denial of remand. *See California Dump Truck Owners Ass'n v. Cummins Engine Co., Inc.*, 24 Fed.Appx. 727, 729 (9th Cir. 2001) (emphasis added). Because courts must resolve any doubt as to jurisdiction in favor of remand, courts must "resolve all material ambiguities in state law in plaintiff's favor." *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F.Supp.2d 1116, 1117 (N.D.Cal. 2002).

#### A. Defendant Meadowbrook Does Not Explain the Deficiencies in Plaintiff's Administrative Filing to Show Why Plaintiff Failed to Exhausted Her Remedies Against O'Grady

Where, as here, a plaintiff brings a civil action under California's Fair Employment and Housing Act ("FEHA"), the plaintiff must exhaust her administrative remedies before suing in court. *See Rodriguez v. Airborne Express*, 265 F.3d 890, 896 (9th Cir. 2001) (analyzing California Government Code 12940 et. seq.); *see also* Mot. Ex. A at ¶¶ 48, 59 (Proposed First Amended Complaint allegations against O'Grady and Eatinger brought under Cal. Gov. Code § 12940). A plaintiff exhausts such administrative requirements by: (1) "filing a written charge with DFEH within one year of the alleged unlawful employment discrimination"; and (2) "obtaining notice from DFEH of the right to sue." *Rodriguez*, 265 F.3d at 896 (reversing grant ). *Id.* "The scope of the written administrative charge defines the permissible scope of the subsequent civil action." *Id.* at 897.

Defendant Meadowbrook concedes that Plaintiff timely filed a "charge" with the Department of Fair Employment and Housing ("DFEH") and received a right-to-sue letter. *See* Opp'n at 7. Defendant Meadowbrook argues, however, that this DFEH charge does not exhaust Plaintiff's administrative remedies regarding her cause of action against O'Grady in the Proposed First Amended Complaint because that cause of action now exceeds the scope of her DFEH charge. *See* Opp'n at 13-14.

Defendant Meadowbrook does not compare the contents of Plaintiff's DFEH charge to the First Amended Complaint to explain why the scope of the latter exceeds the former. Indeed, Defendant Meadowbrook's Opposition is largely devoid of quotations or citations to either the DFEH charge or Plaintiff's Proposed First Amended Complaint. Instead, Defendant cites – without

explanation – *Westinghouse Elec. Corp. v. County of Los Angeles*, 42 Cal.App.3d 32, 36-37 (1974). *Westinghouse* merely held that tax payers seeking relief for erroneous tax assessments had to exhaust their administrative remedies by filing an application with the "local board of equalization" before suing in court. *Westinghouse* has nothing to do with employment discrimination or the DFEH.

Given that Defendant Meadowbrook does not analyze Plaintiff's DFEH charge and proposed amended pleading to explain why exhaustion is not satisfied, Defendant has not met its burden of showing that "there is *no possibility* that [a plaintiff] could state a claim in California state court" against the diversity-destroying party. *See California Dump Truck Owners Ass'n*, 24 Fed.Appx. at 729.

### B. Whether Plaintiff States a Claim Against O'Grady On the Merits

As Plaintiff notes, the California Supreme Court has held that a plaintiff establishes "a prima facie case of sexual harassment under a hostile-work-environment theory" under the FEHA where triable issues of fact existed whether a senior employee exhibited favoritism to three other subordinate employees with whom he had sexual affairs. *See Miller v. Department of Corrections*, 36 Cal.4th 446, 466 (2005) (reversing summary judgment favoring defendant).

Defendant argues that, even if Plaintiff has exhausted her claims against O'Grady, she can not succeed on the merits of this claim because she "only learned of the alleged relationship by Mr. O'Grady *outside* of the office when having a personal conversation with the employee, not Mr. O'Grady." *See* Opp'n at 14-15 (emphasis in original). Defendant argues without explanation that its position is supported by *Proksel v. Gattis*, 41 Cal.App.4th 1626, 1629 (1996). In that case, a California Court of Appeal affirmed summary adjudication in favor of the defendant because the plaintiff's sexual harassment claim under the FEHA alleged only that one senior employee demonstrated "favoritism . . . toward" a subordinate "paramour." *Id.* The plaintiff did not allege "any other act" in which the senior employee caused others "to believe that they could obtain favorable treatment from him if they became romantically involved with him." *Id.*

Defendant Meadowbrook's argument fails because the California Supreme Court in *Miller* expressly addressed *Proksel* and noted that it did not announce a per se rule that a plaintiff could not state a claim "based upon favoritism arising from a single affair in a small office." *See Miller*, 36 Cal.4th at 465. Instead, as the court in *Miller* observed, *Proksel* recognized in dicta that "sexual favoritism by a manager may be actionable" when: (1) it "leads employees to believe" that they can obtain favorable treatment from the senior employee "if they became romantically involved with him"; (2) the affair is conducted in a manner "so indiscreet as to create a hostile work environment"; or (3) the senior employee has engaged in "other pervasive conduct . . . which created a hostile work environment." *Id.*

Second, the Proposed First Amended Complaint alleges *more* than the complaint in *Proksel*. In *Proksel*, the complaint alleged only that one senior employee demonstrated "favoritism . . . toward" a subordinate "paramour." 41 Cal.App.4th 1626, 1629 (1996). In contrast, Plaintiff's Proposed First Amended Complaint alleges that: (1) on "multiple occasions . . . [Plaintiff] was . . . questioned about her monogamous relationship with her husband"; (2) on "multiple occasions . . . [Plaintiff] was subject to sexual harassment by being called 'Lucy,'" which is not her name but rather a pun about her chastity; and (3) "Plaintiff learned that other women employees in her job level were having sexual relationships with management, including O'GRADY." *See* Mot. Ex. A at ¶¶ 50, 51.

In sum, Defendant Meadowbrook has failed to show that there is *no possibility* that she could state a claim in California state court against O'Grady.

## C.   Whether Plaintiff States a Claim Against Eatinger On the Merits

Defendant Meadowbrook notes that a hostile work environment claim under the FEHA requires a plaintiff to show "sufficiently pervasive" harassment, meaning a "a concerted pattern of harassment of a repeated, routine or a generalized nature." *See Muller v. Auto. Club of So. Cal.*, 61 Cal.App.4th 431, 446 (1998) (dismissing plaintiff's harassment claim because it was "essentially based on two remarks made jokingly by her supervisor . . . and a third remark made by a coworker") *disapproved on other grounds by Colmenares v. Braemar Country Club, Inc.*, 29 Cal.4th 1019, 1031 n.6 (2003).

Defendant Meadowbrook contends that Plaintiff fails to state a claim against Eatinger because: (1) his alleged individual conduct does not constitute a pattern; or (2) Plaintiff responded "no" at her deposition when asked if Eatinger "ever [told her] he was upset or mad at [her] for taking time off." *See* Opp'n at 16-17.

Defendant Meadowbrook's argument is a myopic reading of Plaintiff's complaint that reduces her allegations to only those that expressly mention Eatinger's name, that is, the allegation that Eatinger "harassed Plaintiff by stressing the importance of 'being there' and 'being dependable' when he knew [Plaintiff's] absences were due to diabetes and health related concerns." *See* Mot. Ex. A at ¶ 19. In fact, Plaintiff's Proposed First Amended Complaint alleges several acts that, read liberally, can be attributed to Eatinger and can form a pattern of conduct which cast Eatinger's comments in a more sinister light. Plaintiff alleges that: (1) she was employed by Defendant Meadowbrook beginning in 1997; (2) in 2005, Plaintiff was diagnosed with diabetes; (3) her husband also suffered a heart attack; (4) "[d]ue to [both his and her medical conditions], Plaintiff has filed claims for leave under the California Family Rights Act ("CMLA") and Family Medical Leave Act ("FMLA") for the past four (4) years"; (5) sometime in the past four years, Plaintiff was ordered to train a co-worker on her duties, "management began asking" another employee to assume her duties and "withholding information regarding her duties"; (6) Plaintiff "approached . . . O'GRADY multiple times . . . and revealed she

knew they wanted to get rid of her and promote [the person she was ordered to train]";(7) Defendant Meadowbrook told Plaintiff that she had until January 22, 2010, to file her medical certification to renew her FMLA claim for leave, but then fired her one week before this deadline; and (8) "at least one worker has reported to Plaintiff that the reason she was terminated was because of her use of the FMLA and CFRA leave."  *See* Mot. Ex. A at ¶¶ 10-20.

Plaintiffs' allegations against Eatinger in the Proposed First Amended Complaint appear sufficiently plausible.  Thus, Defendant Meadowbrook has failed to show that there is *no possibility* that Plaintiff could state a claim against Eatinger.

### 5. Defendant Fails to Show that Denial of Leave to Amend Will Not Prejudice Plaintiff

Prejudice to a plaintiff is shown where denying amendment would force the plaintiff to choose between: (1) engaging in "redundant litigation" in state court arising out of the "same facts and involving the same legal issues"; or (2) foregoing its potential claims against the to-be-added party. *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion*, 125 F.Supp.2d 1008, 1013 (N.D.Cal. 2000).  This is exactly the Hobson's choice that Plaintiff faces here.  Thus, Defendant Meadowbrook's argument that Plaintiff faces no prejudice because she may sue O'Grady and Eatinger in state court is unavailing.  *See* Opp'n at 16-17.  As a result, Defendant Meadowbrook has not met its burden to show that joinder is fraudulent.

### 6. Conclusion

In sum, Defendants have failed to establish by clear and convincing evidence any of the five issues commonly addressed by courts analyzing fraudulent joinder, including the most important one: whether joinder is solely for the purpose of defeating federal jurisdiction.  As such, the Court finds that O'Grady and Eatinger are not a fraudulently joined parties and are instead legitimate Defendants in this action.

## III. Disposition

Since the Court finds that Defendant has failed to show that Plaintiff's amendment to add defendants O'Grady and Eatinger is a fraudulent joinder in violation of Section 1447(e), this Court GRANTS Plaintiff's Motion to the file the Proposed First Amended Complaint.  Because Plaintiff's amendment will destroy diversity jurisdiction under 28 U.S.C. § 1332, this Court may no longer properly exercise jurisdiction over the instant litigation.

Consequently, this Court GRANTS Plaintiff's Motion to Remand this action to the Superior Court of Riverside County.

       However, the Court DENIES Plaintiff's Motion to the extent it seeks attorney's fees under 28 U.S.C. § 1447(c) because, while this request was made in Plaintiff's Notice of Motion, no argument for fees was advanced in the moving or reply papers.

       The Clerk shall serve this minute order on all parties to the action.